IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1202-GMS |
| | ) |
| STANLEY TAYLOR, PAUL HOWARD, | ) |
| THOMAS CARROLL, BETTY BURRIS, | ) |
| MAJOR HOLMAN, RONALD DRAKE, | ) |
| CPL. L. M. MERSON, LT. GODWIN, and | ) |
| C/O THURMAN STANLEY, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' REPLY MEMORANDUM**

1.    PROCEDURAL DEFAULT

Plaintiff's answer attaches a disciplinary report #1011511 wherein Defendant Thurman Stanley describes a July 28, 2004 misconduct incident committed by Plaintiff. (Plt. Ex. A). In that report, Defendant describes how Plaintiff became argumentative after he was ordered to return to his cell, and how he abused his telephone privileges, while being off-limits. Id. Plaintiff, demanded to meet with grievance representatives. Defendant Stanley told Plaintiff he would have to wait until the following day. Id. The grievance representatives are inmates who are elected from their respective housing units to participate with two staff members on the resident grievant committee (RGC). (See, Plt. Ex. B). When Plaintiff insisted that a Lieutenant come to speak with him, Defendant notified Lieutenant Simon. It appears Plaintiff's disciplinary report attachment is his attempt to rebut Defendants' contention that Plaintiff did not exhaust administrative remedies with regards to the abuse he alleges in his complaint. (D.I. 2).  Clearly the events described in this report are a far cry from the vague, conclusory, and unsupported factual allegations of physical and mental abuse. Nonetheless,

these events in no way entitle Plaintiff to the relief he has requested.

    2.    EXCESSIVE FORCE AND DELIBERATE INDIFFERENCE ON THE PART OF DEFENDANTS.

"In order to recover on a 42 U.S.C. §1983 claim, it is necessary for the plaintiff to show intentional conduct by one acting under color of state law which subjected him to the deprivation of a federally secured right." *Davidson v. Dixon,* 386 F. Supp. 482, 487 (D. Del 1974). *aff'd* 529 F. 2d 511 (3d Cir. 1975). Plaintiff Charles Robinson appears to allege a violation of the Eighth Amendment proscription against cruel and unusual punishment. To succeed on an Eighth Amendment claim, the "inmate must prove both an objective element- that the deprivation was sufficiently serious and a subjective element - that a prison official acted with a sufficiently culpable state of mind." *Young v. Quinlan*, 960 F. 2d 351, 359-60 (3d Cir. 1992). (citing *Wilson v. Seiter*, 501 U.S. 294, 299-301 (1991)). The minimal requisite state of mind for an Eighth Amendment violation is deliberate indifference. *Quinlan*, 960 F. 2d at 360-61.

When a measure is taken in prison to resolve a disturbance, the court's analysis is set out in *Whitley v. Albers*, 475 U.S. 312 (1986). ("whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). If a prison official acts with a sufficiently culpable state of mind in using force, the objective prong of the Eighth Amendment inquiry is necessarily satisfied. Plaintiff makes baseless assertions that Defendant Thurman Stanley has made sexual advances toward him, and has "become threatening, physically abusive, mentally abusive, harrassing, and down right vandictive towards [him] in any way he can (sic)." (D.I.2). Plaintiff's answering memorandum includes a disciplinary report written by Thurman Stanley which describes institutional violations, i.e. abuse of privileges, failing to obey an order, and off limits, committed by Plaintiff, and for which he received a 24-hour loss of all privileges (LOAP). None

of the actions, stated in the complaint or in Plaintiff's exhibit A, demonstrate either objectively or subjectively, that a constitutional deprivation has occurred. On July 28, 2004, Plaintiff was clearly in violation of the institutional rules. Contrary to Plaintiff's complaint, his own exhibit shows that Defendant Stanley did not act maliciously; rather, his actions in preparing a written reprimand were done in good faith in order to maintain discipline and order in the institution.

Although Plaintiff need not allege that a serious injury occurred to state a claim for excessive force, not every malevolent touch by a prison official gives rise to a claim under the Eighth Amendment. *Hudson,* 503 U.S. 1, 4 (1992). Rather, the Eighth Amendment's proscription against cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimus* uses of physical force provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10. (quoting *Whitley*, 475 U.S. at 327). Importantly, no force is reported in Plaintiff's Exhibit A, nor any credible evidence that Plaintiff was attacked or suffered any injuries is included with the Complaint. (D.I.2 & 21) Plaintiff incurred no injuries nor did he complain of any injuries resulting from this alleged abusive conduct. *Id.* Plaintiff has not substantiated his allegations describing even de mimimis injury nor has he established that Defendant Thurman Stanley used any force, let alone used force maliciously or sadistically for the very purpose of causing harm.

      3.     PLAINTIFF FAILS TO ALLEGE FACTS WHICH DEFEAT THE AFFIRMATIVE DEFENSES OF SOVEREIGN IMMUNITY, QUALIFIED IMMUNITY OR THE STATE TORT CLAIMS ACT

Plaintiff concedes that Defendants cannot be sued in their official capacity under 42 U.S.C. §1983. *See Ospina v. Dep't of Corrections, State of Del.*, 749 F. Supp. 572, 577 (D. Del. 1991). The United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The United States Congress can waive the state's sovereign immunity, and

therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Id.* No such clear intent can be seen in 42 U.S.C. §1983. In fact, Congress' intent appears to be to the contrary as the statute facially allows suits only to be brought against "persons." 42 U.S.C. §1983.

A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Under federal law, the defendants in their official capacities are not "persons" for the purposes of 42 U.S.C. §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over Defendants in their official capacities, and Defendants are outside the class of persons subject to liability under 42 U.S.C. § 1983.

Conveniently, for the first time Plaintiff disavows any claim against named defendants in their official capacity, but instead seeks recovery against the defendants in their "personal capacities."(D.I.21). However, Plaintiff's complaint, and his answering memorandum are silent as to any personal involvement Defendants Taylor, Howard, Carroll, Burris, Holman, Drake, or Godwin had with him beginning July 2004. Cleary, Plaintiff has not established factually that he has suffered a constitutional deprivation at the behest of or acceptance by Department officials, identified as defendants.

Plaintiff must allege with particularity the specific unlawful conduct in which an official engaged, and the conduct must have violated the clearly established contours of a constitutional right. *Anderson v. Creighton*, 483 U.S. at 640. See also *Good v. Dauphin County Social Services for Children and Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989);

*Abdul-Akbar v. Watson*, 4 F.3d 195, 202 (3d Cir. 1993).  Further the Plaintiff must allege a bright line violation in concrete terms.  *Post v. City of Ft. Lauderdale*, 7 F.3d 1552 (11th Cir. 1993), opinion modified, 14 F.3d 583 (1994).

      The qualified immunity defense, which protects public officials from liability for all constitutional violations except those that are "clearly established," balances a citizen's right to vindication of constitutional guarantees with the public's need for its officials to effectively perform their duties.  *Anderson v. Creighton*, 483 U.S. at 639.  Suits filed for monetary damages against government officials in their individual capacities are costly both for the defendants and for society as a whole.  Such costs include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from the acceptance of public office."  *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982).  Qualified immunity recognizes that, "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences."  *Id.* at 819.  The Supreme Court has indicated that the qualified immunity defense has evolved to provide "ample protection to all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

      Lastly, the State Tort Claims Act, 10 *Del. C*. §4001 protects the defendant Stanley in that his acts arose out of, and in connection with, performance of official discretionary duties and were performed without gross or wanton negligence.

      WHEREFORE, for the hereinabove reasons as well as for those reasons outlined in Defendants' Memorandum of Points and Authorities in Support of Their Motion to

Dismiss, Defendants request this Court enter an Order for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) (6) for failure to state a claim upon which relief may be granted.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2005, I electronically filed *State Defendants' Reply Memorandum* with the Clerk of Court using CM/ECF. I hereby certify that on April 19, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants: Charles M. Robinson.

      /s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us