United States District Court
District Of Delaware

ORIGINAL

Charles M. Robinson

Vs.                                    C.A. No: 04-1202-GMS

Stanley Taylor
Et. Al

FILED

MAY - 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Responce To Defendants Reply Memorandum

Comes Now, The Plaintiff, Charles M. Robinson, Hereby Proceeding, Pro-Se, Moves This Honorable Court To Consider Plaintiffs Responce To Defendants Reply Memorandom Before Passing Judgment.

### Ground One: (Proceedural Default)

1. The Defendants State In Part One Of Their Reply Memorandom That "Clearly The Events Described In This Report Are A Far Cry From The Vague, Conclusory, And

UNSUPPORTED FACTUAL ALLEGATIONS OF PHYSICAL AND MENTAL ABUSE, NONETHELESS THESE EVENTS IN NO WAY ENTITLE THE PLAINTIFF TO THE RELIEF HE HAS REQUESTED" IF THE PLAINTIFF IS GIVEN THE CHANCE TO PRESENT HIS CASE IN COURT, HE WILL CLEARLY SHOW HOW THE DEFENDANT(S) ACTIONS DID IN FACT INTITLE HIM TO THE RELIEF HE REQUESTS, WITH EXPERT WITNESSES, WITNESSES, DOCUMENTATION, GRIEVANCES AND OTHER VICTIMS, WHICH HAVE BEEN SERIOUSLY OFFENDED, TOUCHED, PROPOSITION-ED, BY THE SICK ACTIONS OF THE DEF. THURMAN STANLEY, OVER AN EXTENDED PERIOD OF TIME, WHILE THE COMPLAINTS, GRIEVANCES, ETC, AGAINST HIM BY THE INMATES WERE NOT ACTED UPON BY THE OTHER DEFENDANTS TO STOP THESE SERIOUS ACTIONS, BECAUSE THEY WERE INFACT TRYING TO COVER FOR HIM.

SECOND TWO:(EIGHTH AMENDMENT CLAIM
ON PART OF DEFENDANTS)

THE DEFENDANTS STATE IN PART TWO OF
THEIR MOTION THAT "IF A PRISON OFFICIAL
ACTS WITH A SUFFICIENTLY CULPABLE STATE OF
MIND IN USING FORCE, THIS OBJECTIVE PRONG
OF THE EIGHTH AMENDMENT INQUIRY IS
NECESSARILY SATISFIED". FOR THE DEFENDANTS
TO ALLOW DEFENDANT THORMAN STANLEY TO
MAKE SEXUAL ADVANCES TOWARDS INMATES AND
ECT, AFTER REPEATEDLY BEING INFORMED OF
SUCH ACTIONS, BY ME AND SEVERAL OTHER
INMATES, WITHOUT TAKING ACTION, CLEARLY
VIOLATES DELIBERATE INDIFFERENCE. SEE:
FARMER V. BRENNAN, 511 U.S. 825 (1994).
IN FARMER, THE SUPREME COURT HELD THAT
AN OFFICIAL ACTS WITH DELIBERATE IND-
IFFERENCE WHEN HE OR SHE "KNOWS
THAT INMATES FACE A SUBSTANTIAL RISK
OF HARM AND DISREGARDS THAT RISK BY
FAILING TO TAKE MEASURES TO ABATE
IT." Id AT 847.

THE DEFENDANTS ALSO STATE THAT "IMPORTANTLY, NO FORCE IS REPORTED IN PLAINTIFFS EXHIBIT A, NOR ANY CREDIBLE EVIDENCE THAT PLAINTIFF WAS ATTACKED OR SUFFERED ANY INJURIES ARE INCLUDED WITH THE COMPLAINT". AS IT IS CLEARLY SHOWN, THE PLAINTIFF IS A PRO-SE INMATE AND DOES NOT OBTAIN THE LEGAL KNOWLEDGE TO PUT TOGETHER A FULL ALL OUT COMPLAINT WHICH IS ONE OF THE REASONS WHY COURTS HAVE STATED "WHEN REVIEWING A RULE 12 (b)(6) MOTION THE COURT MUST ACCEPT AS TRUE ALL FACTUAL ALLEGATIONS CON-TAINED IN THE COMPLAINT, AS WELL AS ALL REASONABLE INFERENCES THAT MAY BE DRAWN FROM THOSE ALLEGATIONS, AND VIEW THEM IN LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY. SEE: TRUMP HOTELS & RESORTS INC. V. MIRAGE RESORTS INC. 140 F.3d 478, 483 (3RD CIR 1998); SPENCE V. FUNK, 396 A.2d 967 (DEL 1978).

THE PLAINTIFF IS CURRENTLY SUFFERING FROM POST TRAUMATIC STRESS DISORDER BE-CAUSE OF HIS SEXUAL ABUSE HE PROBLEMS

HE WENT THREW, THROUGH-OUT HIS CHILD HOOD, WHICH IS VERY WELL DOCUMENTED BY THE MENTAL HEALTH DEPARTMENT, AND THE ACTIONS BY DEFENDANT THURMAN STANLEY HALE LEAD TO THE PLAINTIFF HAVING FLASH BACKS, NIGHT-MARES, ETC, OF HIS PAST EXPERIENCES. SEE: HOBBS V. LOCKHART, 46 F.3d 864, 869, 31 FED. R. SERV. 3d 380 (8th CIR) "WHICH RULED THAT ALLEGATIONS OF SEVERE EMOTIONAL DIS-TRESS, NIGHTMARES AND CONSTANT FEARS STATED A CONSTITUTIONALLY COGNIZABLE CLAIM. SEE: HUDSON V. McMILLIAN, 503 U.S. 1, 112 S.Ct. 995, 1004. 117 L.Ed. 2d. 156 (1992) "WHERE JUSTICE BLACKMON OF THE U.S. SUPREME COURT SUGGESTED IN A CON-CURRING OPINION THAT THE UN-NEC-ESSARY PAIN PROHIBITED BY THE EIGHTH AMENDMENT COULD INCLUDE PSYCHOLOGICAL AS WELL AS PHYSICAL PAIN". SEE ALSO: WHITE V. NAPOLEON, 897 F.2d 103, 111 (3RD CIR) "FINDING THAT ALLEGATIONS OF MENTAL ANXIETY ARE SUFFICIENT TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT".

Also Before The Plaintiff Arrived At The Delaware Correctional Center, And Started Reporting The Actions Of The Defendants, He Had Not Had A Write-Up In Almost 5 Years; And As Of Now The Plaintiff Has Over 30 Write Ups, And Is Un-Able To Complete His Sentence And Go Home, Because Of Security Issues Pertaining To These False Write Ups. See: Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir); Thomas v. Evans, 880 F.2d 1235, 1241-42 (11th Cir) Which Both State That "Retaliation Against A Prisoner For Exercising First Amendment Rights Is Unlawful".

(GROUND THREE (IMMUNITY ISSUE)

In Part Three Of The Defendants Reply Memorandum, They State That "Congress Intent Appears To Be to The Contrary As The Statute Facially Allows Suits Only To Be Brought Against "Persons". Under 42 U.S.C. § 1983. When In Fact All Government And State Employees Are "Persons" Under 42 U.S.C. § 1983 And Can Be Sued For Any Thing They Do At Work That Violates Clearly Established Constitutional Rights. See: HAFER V. MELO, 502 US. 21 (1991); QUERN V. JORDON, 440 U.S. 332 (1979); WILL V. MICHIGAN DEPT OF STATE POLICE, 491 U.S. 58 (1989).

Lastly, Once Again The Defendants State That "The State Tort Claims Act 10 Del C. § 4001, Protects The Defendant Thurman Stanley, In That His Acts Arose Out Of, And In Connection With, Performance Of Official Discretionary Duties, And Were Performed Without Gross Or

WANTON NEGLIGENCE. WHICH IS SICK. THE DEFENDANT GRABBING HIS PRIVATE AREA, ASKING TO PERFORM SEXUAL PLEASURES ON HIM, CAN NOT BE "ACTS WHICH AROSE OUT OF AND IN CONNECTION WITH, THE PERFORMACES OF OFFICIAL DISCRETIONARY DUTIES AND WERE PERFORMED WITHOUT GROSS OR WANTON NEGLIGENCE".

WHEREFORE, FOR THE REASONS STATED ABOVE, AS WELL AS THE REASONS OUTLINED IN THE PLAINTIFFS RESPONCE TO DEFENDANTS MOTION TO DISMISS, THE PLAINTIFF REQUESTS THIS COURT DENY THE DEFENDANTS MOTION TO DISMISS AND PROCEED WITH TRIAL.

RESPECTFULLY SUBMITTED

_CHARLES M. ROBINSON_

_APRIL 22, 2005_
DATED

## CERTIFICATE OF SERVICE

I, CHARLES M. ROBINSON, HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPIES) OF THE ATTACHED: RESPONCE TO DEFENDANTS REPLY MEMO-RANDOM, AND MOTION TO AMEND COMPLAINT UPON THE FOLLOWING PARTY(S):

To: OPHELIA M. WATERS
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST., 6TH FLOOR
WILMINGTON, DE, 19801

BY PLACING SAME IN A SEALED ENVELOPE AND DEPOSITING SAME IN THE UNITED STATES MAIL AT THE DELAWARE CORRECTIONAL CENTER, SMYRNA DE, 19977, POSTAGE TO BE PAID BY THE DEPT OF CORRECTIONS.

ON THIS 22ND DAY OF APRIL, 2005

IM CHARLES W. ROBINSON
SBI# 342781 UNIT SHU 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

UNITED STATES DISTRICT COURT
CLERKS OFFICE
844 N. KING ST., LOCKBOX 18
WILMINGTON, DE, 19801

U.S. MAIL
KEVIN

