IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON,          ) | |
|           ) | |
|    Plaintiff,          ) | |
|           ) | |
| v.          ) | Civil Action No. 04-1202 (GMS) |
|           ) | |
| STANLEY TAYLOR, PAUL HOWARD,          ) | |
| THOMAS CARROLL, BETTY BURRIS,          ) | |
| MAJOR HOLMAN, RONALD DRAKE,          ) | |
| CPL. L. M. MERSON, LT. GODWIN, and          ) | |
| C/O THURMAN STANLEY,          ) | |
|           ) | |
|    Defendants.         ) | |

**ORDER**

1.     On August 27, 2004, Charles Robinson ("Robinson"), who is presently incarcerated at the Delaware Correctional Center (the "DCC"), filed a *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Stanley Taylor ("Taylor"), Paul Howard ("Howard"), Thomas Carroll ("Carroll"), Betty Burris ("Burris"), Major Holman ("Holman"), Ronald Drake ("Drake"), Cpl. L. M. Merson ("Merson"), Lt. Godwin ("Godwin") and C/O Thurman Stanley ("Stanley") (collectively, the "defendants").

2.     On May 2, 2005, Robinson filed a letter with the court seeking preliminary injunctive relief against the defendants (D.I. 25). Robinson's letter requests the court to enjoin the defendants from interfering with his access to legal services at the DCC.

3.     In his letter, Robinson claims that the defendants, personnel at the DCC, have refused him legal services in retaliation for several law suits pending against them. Specifically, Robinson alleges that for two and one-half weeks preceding April 26, 2005, he was denied access to all legal

materials. (D.I. 25, at 1.)

4.     On May 19, 2005, the defendants submitted an affidavit and other library records (D.I. 29) documenting Robinson's access to legal services. The library records show the defendants have continuously provided Robinson with the legal services he requested, including the use of a paralegal on multiple occasions, frequent document requests, and access to photocopying and notary services. The affidavit, submitted by Michael Little, Legal Services Administrator (the "Little Affidavit"), states that Robinson requested and received various law library services, free of charge, forty-five times between April 1, 2005 and April 28, 2005. (D.I. 29 Little Affidavit Ex. A.) Additionally, Robinson was provided with 631 pages of copied legal material, excluding case law materials, from about September 9, 2004 through May 3, 2005. (*Id.* Ex. B.)

5.     After having considered the parties' submissions (D.I. 25, 29), as well as the factors that the court must consider when deciding whether to issue a preliminary injunction, namely, (1) the likelihood that the plaintiff will prevail on the merits at the final hearing; (2) the extent to which the plaintiff is irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest,[1] the court concludes that the record does not contain sufficient evidence to demonstrate that Robinson will suffer irreparable harm in the absence of an injunction.[2]

---

[1] *See New Jersey Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3rd Cir. 1995) (quoting *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods.*, 963 F.2d 628, 632-33 (3rd Cir. 1992)).

[2] Because the court concludes that Robinson will not suffer any irreparable harm, it need not address the remaining factors in denying Robinson's request for a preliminary injunction.

Therefore, IT IS HEREBY ORDERED that:

1. Robinson's letter request for preliminary injunctive relief (D.I. 25) is DENIED.


Dated: June 28 , 2005                         /s/ Gregory M. Sleet
                                        UNITED STATES DISTRICT JUDGE