IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES M. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1202 (GMS) |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD, | ) | |
| THOMAS CARROLL, BETTY BURRIS, | ) | |
| MAJOR HOLMAN, RONALD DRAKE, | ) | |
| CPL. L. M. MERSON, LT. GODWIN, and | ) | |
| C/O THURMAN STANLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

FILED

SEP 26 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**I.    INTRODUCTION**

Charles M. Robinson ("Robinson") is presently incarcerated at the Delaware Correctional Center (the "DCC"), which is located in Smyrna, Delaware. On August 27, 2004, Robinson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that Stanley Taylor ("Taylor"), Paul Howard ("Howard"), Thomas Carroll ("Carroll"), Betty Burris ("Burris"), Major Holman ("Holman"), Ronald Drake ("Drake"), Cpl. L. M. Merson ("Merson"), Lt. Godwin ("Godwin"), and Corrections Officer Thurman Stanley ("Stanley"), in their individual capacities, violated Robinson's constitutional rights. Robinson is seeking both compensatory and punitive damages from each of the defendants,[1] as well as injunctive relief from the DCC, in the form of Stanley's termination.

---

[1] In his original complaint, Robinson sought monetary relief from only Stanley. However, on May 2, 2005, Robinson filed a motion to amend his complaint (D.I. 23), in order to request monetary relief from each of the defendants. The court will grant this motion, as it is not opposed by the defendants.

Presently before the court is the state defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court will grant the motion.

## II. BACKGROUND

Robinson alleges that, since the beginning of July 2004, Stanley has been making "racial comments toward[] [him] regarding [his] religion," and has also been making sexual advances and comments toward him. (D.I. 2 ¶ IV.) Robinson further alleges that he has reported Stanley's actions through the grievance procedure on many occasions with no action taken. (*Id.*) Additionally, Robinson has reported Stanley's conduct to his "supervisors," who have also taken no action. (*Id.*)

According to the complaint, after Robinson filed various grievances regarding his behavior, Stanley became threatening, physically abusive, and mentally abusive. (*Id.*) Further, Stanley harasses Robinson and "has become down right vandictive [sic]" toward him. (*Id.*) Robinson alleges that he has many witnesses to Stanley's actions, and the actions of his supervisors. (*Id.*) However, the witnesses wish to remain nameless until the "proper time" because they fear retaliation from the defendants, who are all high officials at the DCC. (*Id.*)

## III. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, in deciding a motion to dismiss, the factual allegations of the complaint must be accepted as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663,

666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley*, 355 U.S. at 45-46.

Finally, since the plaintiff is a *pro se* litigant, the court has a special obligation to construe his complaint liberally. *Zilch v. Lucht*, 981 F.2d 694, 694 (3d Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### IV. DISCUSSION

In order to recover against the defendants, Robinson must show that he was deprived of a constitutional right by a person acting under the color of state law. *See, e.g., Groman v. Township of Manalpan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). In this case, it is clear that the defendants were acting under color of state law because, at the time of the alleged incidents, they were employees at the institution where Robinson was incarcerated. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 465 (S.D.N.Y. 1997). Therefore, the court next turns to whether Robinson has sufficiently alleged that any of the defendants deprived him of a constitutional right.

    **A.**    **Robinson's Claims Against Stanley**

    1.    The Racial and Sexual Harassment Claims

As previously discussed, Robinson claims that Stanley made "very racial comments toward[]

3

[him] regarding [his] religion." (D.I. 2 ¶ 4.) He also alleges that Stanley has "been making sexual advances toward[] [him], and [has] also been making sexual comments to [him]." (*Id.*) According to Robinson, Stanley's inappropriate conduct began in July 2004, and is a violation of his constitutional rights.[2] The court disagrees.

The Eighth Amendment of the United States Constitution governs penal measures and prison conditions, and prohibits use of penal measures and existence of conditions which violate civilized standards and concepts of humanity and decency. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In the prison context, however, "[n]ot every governmental action affecting the interest or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986). Only those actions that impose an unnecessary and wanton infliction of pain rise to the level of cruel and unusual punishment. *Id.*

An inmate's claims of sexual harassment and racial harassment constitute a challenge to his conditions of confinement. *Carrigan v. Davis*, 70 F. Supp. 2d 448, 452 (D. Del. 1999). As such, the claims are analyzed under the deliberate indifference standard of the Eighth Amendment. Prison officials violate an inmate's rights under the Eighth Amendment when they act with deliberate indifference or reckless disregard toward an inmate's rights, health or safety, and their conduct is objectively serious or has caused an objectively serious injury to the inmate. *See Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994). Under this partly objective, partly subjective test, a prison official's conduct is "objectively serious" if it is "incompatible with 'contemporary standards of decency.'" *Carrigan*, 70 F. Supp. 2d at 452 (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). The

---

[2] While Robinson doesn't specifically state to which constitutional rights he refers, it appears to the court that he is alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment.

deliberate indifference prong of the test is met only if the prison official "knows and disregards an excessive risk to inmate rights, health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The plaintiff must show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106.

"'Intentional harassment of even the most hardened criminals cannot be tolerated by a civilized society.'" *Ellis v. Rodriguez*, No. Civ. 04-6118(JLL), 2005 WL 1475595, at *6 (D.N.J. June 22, 2005) (citing *Hudson v. Palmer*, 469 US. 517, 528 (1984)). However, "mere verbal harassment does not give rise to a constitutional violation." *Ellis*, 2005 WL 1475595, at *6. For example, racially discriminatory statements, racial slurs and epithets, while inexcusable and offensive, do not establish liability under section 1983, because they do not amount to a constitutional violation. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Moore v. Morris*, 116 Fed. App'x 203, 205 (10th Cir. 2004). That is, "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment." *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 187-89 (D.N.J. 1993); *Ellis*, 2005 WL 1475595, at *6.

Likewise, courts have found incidents of fondling, touching or suggestive sexual banter insufficient to state an Eighth Amendment claim. For example, in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), the Second Circuit held that the contact between a female correction officer and

an inmate was not "objectively sufficiently serious" so as to rise to the level of an Eighth Amendment violation, when the officer "made a pass" at the inmate, squeezed his hand, touched his penis and pressed up against him "so hard that he could feel the points of her nipples against [his] chest." 105 F.3d at 860-61; *see also Carrigan*, 70 F. Supp. 2d at 454 n.6 (collecting cases in which courts held that incidents of sexual harassment were insufficient to state an Eighth Amendment claim.)

In the present case, Robinson alleges only that Stanley verbally abused and harassed him. Robinson does not allege that the remarks and harassment were coupled with actual physical threats or injury. Nor does he allege that the conduct occurred over a prolonged period of time. While the court finds that Robinson's claims of alleged harassment are despicable, they do not amount to a constitutional violation. Accordingly, Robinson has failed to state a claim against Stanley for a violation of his Eight Amendment rights.

2.   The Retaliation Claims

Robinson next alleges that, after he wrote Stanley up, Stanley punished him with threats, physical abuse, mental abuse and harassment. In *Rauser v. Horn,* the Third Circuit recently defined the elements of a prisoner's cause of action for retaliation, and the burden he must carry to succeed in that claim. *See Rauser v. Horn,* 241 F.3d 330 (3d Cir. 2001). The court established a three prong test for determining whether retaliation has occurred. First, the prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. *See id.* at 333 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 389 (6th Cir. 1999) (en banc)); *see also Drexel v. Vaughn*, Civ.A.No. 96-3918,1998 WL 15178, at *7 (E.D. Pa. Apr. 2, 1998) (determining that prisoner had engaged in constitutionally protected conduct before proceeding with retaliation inquiry). The second prong of

6

the *Rauser* analysis requires a prisoner litigating a retaliation claim to show that he has suffered some adverse action at the hands of prison officials. *See Rauser*, 241 F.3d at 333 (citing *Allah v. Seiverling*, 229 F.3d 220, 225 (3d. Cir. 2000)). A prisoner-plaintiff can satisfy this requirement by demonstrating that the action was sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *See id.* Finally, the third aspect of the *Rauser* test requires a prisoner-plaintiff to establish a causal link between the exercise of his constitutional rights and the adverse action taken against him. *See id.* The court will address each prong of the *Rauser* test in turn.

In this case, Robinson alleges that the conduct which gave rise to Stanley's retaliation was "writing him [Stanley] up." (D.I. 2 ¶ 4.) In the Third Circuit, "[i]nmates do not have a constitutionally protected right to the prison grievance process." *Burnside v. Moser*, 138 Fex. App'x 414, 416 (3d Cir. 2005) (not precedential) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Additionally, "'a state grievance procedure does not confer any substantive constitutional right upon prison inmates.'" *Id.* (citing *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir. 1995)). Thus, Robinson does not meet the first prong of the *Rauser* test, because he cannot show that the conduct (*i.e.* his filing of a grievance) which led to Stanley's alleged retaliation is constitutionally protected. Because Robinson has not satisfied the first *Rauser* requirement, the court need not address whether he satisfies the second and third prongs of the *Rauser* test. Accordingly, Robinson has failed to state a retaliation claim against Stanley.

**B.     Robinson's Claims Against the Remaining Defendants**

Robinson's claims regarding racial and sexual harassment, threats, physical abuse, mental abuse and harassment are also directed at Taylor, Howard, Carroll, Burris, Holman, Drake, Merson and Godwin (collectively, the "remaining defendants"). These claims must fail for the following

reasons. First, as previously discussed, Robinson's complaint fails to state any cognizable constitutional claim against Stanley, the only defendant referred to in the complaint. Thus, it follows that if Robinson has failed to state a claim against the only person whom he alleges carried out the violation of his constitutional rights, he has also failed to state a claim against the remaining defendants. Additionally, Robinson's complaint does not identify how each of the remaining defendants participated in, or personally directed or acquiesced in the occurrences that he alleges deprived him of his constitutional rights. Indeed, other than Stanley (and in the caption), Robinson's complaint fails to mention any of the defendants by name. Rather, Robinson refers only to unnamed "supervisors." Thus, Robinson's claims against the remaining defendants are premised on the doctrine of *respondeat superior*. It is well established, however, that absent some sort of personal involvement in the allegedly unconstitutional conduct, a §1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994); *Gay v. Petsock*, 917 F.2d 768 (3d Cir. 1990). Because the complaint fails to allege any act or omission by any of the remaining defendants, Robinson's claims against them must be dismissed.[3]

Dated: September 26, 2005

_____
UNITED STATES DISTRICT JUDGE

---

[3] Because it will dismiss the plaintiff's complaint for the aforementioned reasons, the court need not consider any of the other arguments for dismissal raised in the defendants' brief.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES M. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1202 (GMS) |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD, | ) | |
| THOMAS CARROLL, BETTY BURRIS, | ) | |
| MAJOR HOLMAN, RONALD DRAKE, | ) | |
| CPL. L. M. MERSON, LT. GODWIN, and | ) | |
| C/O THURMAN STANLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss for Failure to State a Claim (D.I. 18) is GRANTED.

2. The plaintiff's claims against the defendants shall be dismissed with prejudice.

3. The plaintiff's Motion for a Pre-Trial Conference (D.I. 31) is DENIED as moot.

Dated: September 26, 2005

UNITED STATES DISTRICT JUDGE



FILED

SEP 2 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE