**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4492
_____

CHARLES M. ROBINSON,

Appellant

v.

STANLEY TAYLOR; PAUL HOWARD; THOMAS CARROLL;
BETTY BURRIS; MAJOR HOLMAN; RONALD DRAKE;
Cpl. L. M. MERSON; Lt. GODWIN;
C/O THURMAN STANLEY

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-cv-1202)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
August 11, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed  November 7, 2006)

_____

OPINION

_____

PER CURIAM

Charles Robinson appeals from the order dismissing his civil rights complaint by the United States District Court for the District of Delaware.  For the reasons below, we will affirm in part, vacate in part, and remand for further proceedings.

In August 2004, Robinson filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Corrections Officer Thurman Stanley made racial comments to him regarding his religion and also made sexual advances and comments toward him.  Robinson alleged that the remaining defendants did nothing to stop the harassment.  Further, Robinson alleged that Stanely retaliated against him for filing numerous grievances regarding Stanley's behavior.  Robinson sought injunctive relief (Stanley's termination) and damages.  Defendants filed a motion to dismiss, which the District Court granted.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a District Court's order granting a motion to dismiss.  See Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In his complaint, Robinson alleges only that Stanley verbally abused and harassed him.  Robinson does not allege that the remarks and harassment were coupled with actual physical injury.  It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment.  See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (rejecting the Eighth

Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.'"). Accordingly, we agree with the District Court that Robinson failed to state an Eighth Amendment violation against Stanley.

Robinson also directs his allegations of abuse and harassment to the remaining defendants, but does not explain how any of these defendants took actions that could be considered abusive or harassing. A civil rights claim cannot be premised on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown to have been personally involved in the events or occurrences which underlie a claim. Id. Here, Robinson simply identifies the defendants by their titles. He does not specifically name each in his statement of the claim, and refers only to unnamed "supervisors." Robinson cannot hold these defendants responsible for the acts of their subordinates simply because of their supervisory positions. See Rode, 845 F.2d at 1207.

Finally, Robinson alleges that Stanley retaliated against him after he filed various grievances about Stanley's conduct to Stanley's supervisors. A prisoner alleging retaliation must show (1) a constitutionally protected conduct, (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional

rights and the adverse action taken against him.  See Rauser v. Horn, 241 F.3d 330, 333

(3d Cir. 2001).  The District Court concluded that Robinson did not meet the first prong

of this test because filing a grievance is not constitutionally protected conduct.  We

disagree.  In Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), we reversed the district

court's dismissal of a prisoner's pro se § 1983 complaint, holding that the prisoner's

allegation that he was falsely charged with misconduct in retaliation for filing complaints

against a prison officer implicated conduct protected by the First Amendment.  The Court

of Appeals for the Second Circuit specifically has held that the filing of prison grievances

is a constitutionally protected activity.  See Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir.

2003).  Pursuant to Mitchell and Davis, Robinson's filing of a grievance to complain

about Stanley's behavior is constitutionally protected conduct, and the District Court

erred in ruling otherwise.  Thus, Robinson meets the first prong of the test for showing

retaliation under Rauser. We express no opinion, however, as to whether he can satisfy

the remaining prongs of the test.

     For the foregoing reasons, we will affirm the judgment of the District Court

insofar as it granted the defendants' motion to dismiss Robinson's Eighth Amendment

claims against them.  We will vacate the order to the extent that it dismissed Robinson's

retaliation claim against Stanley and will remand for further proceedings consistent with

this opinion.