## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES M. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1202-GMS |
| | ) | |
| C/O THURMAN STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Thurman Stanley, by and through undersigned counsel, hereby answers the complaint as follows:

**I.     PREVIOUS LAWSUITS**

Defendant Thurman Stanley lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore deny same.

**II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

A.     There is a prisoner grievance procedure available at the Delaware Correctional Center at all times relevant to the complaint.

B.     Plaintiff did not fully exhaust the available administrative remedies regarding the claim raised in the complaint.

C.     Defendant Thurman Stanley lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiff filed several grievances on this officer with no response from the grievance department and therefore deny same.

**III.     PARTIES**

A.    Plaintiff Charles Robinson is a prisoner in the custody of the Delaware

Department of Correction and currently housed in the Delaware Correctional Center,

Smyrna, Delaware.


B.    Defendant Thurman Stanley is currently a correctional officer at the Delaware

Correctional Center, Smyrna, DE.

**IV.    STATEMENT OF CLAIM**

1.    "Since the beginning of July, 2004, a C/O: Thurman Stanley has been making

very racial comments towards me reguarding (sic) my religion, and also been making

sexual advances towards me, and also making sexual comments to me."

**ANSWER:**    Thurman Stanley denies that he made either racial, religious or sexual

comments and/or advances to plaintiff.

2.    "I have reported these actions through the grievance procedure on many different

occaisions (sic), and also reported it to his supervisors, with no action by either

procedure."

**ANSWER:**    Denied.

3.    "Since me writing him up and him becoming aware of it, he has become

threatening, physically abusive, mentally abusive, harassing, and down right vindictive

towards me in any way he can."

**ANSWER:**    Denied.

4.    "I have many witnesses to these actions, which want to remain nameless until the

proper time because of fear of retaliation from defendants. . ."

**ANSWER:**    It is specifically denied that Thurman Stanley took actions that constituted

threats, harassment, or abuse, either physically or mentally, against plaintiff for any reason. By way of further answer, Thurman Stanley is without knowledge or information sufficient to form a belief as to the remaining allegation, therefore he denies same.

5.      As to any claim that Thurman Stanley took adverse action against plaintiff in retaliation for his exercising his right to file grievances, Stanley denies the allegations.

## V.     RELIEF REQUESTED

6.      Thurman Stanley denies that plaintiff is entitled to the relief that he seeks in his complaint.

### AFFIRMATIVE DEFENSES

7.      Plaintiff failed to exhaust his administrative remedies.

8.      Plaintiff's suit for monetary damages against Thurman Stanley as set forth in paragraph V is barred by the Eleventh Amendment to the United States Constitution.

9.       Plaintiff failed to show that Thurman Stanley is liable for alleged constitutional deprivations in the absence of Thurman Stanley's personal involvement in conduct sufficient to constitute an adverse action in retaliation for plaintiff's grievances.

10.     Thurman Stanley can prove that a suit imposing § 1983 liability against him on the basis of retaliatory conduct must fail, because Thurman's action, if any, was taken for legitimate penological interests.

11.     To the extent of actual involvement by Thurman Stanley, he acted in good faith, as a state officer, or as an individual in all actions which relate to the plaintiff, and therefore, is immune from all claims alleged in plaintiff's complaint.

WHEREFORE, Defendant Thurman Stanley, demands that judgment be entered in his favor and against the plaintiff, and that he be awarded attorney's fees and costs.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


 /s/ Ophelia M. Waters_____
Ophelia M. Waters, I. D. #3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
 (302) 577-8400
Counsel for Thurman Stanley

Dated: January 4, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2007, I electronically filed *Answer to*

*Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on January 4,

2007, I have mailed by United States Postal Service, the document to the following non-

registered party:  Charles Robinson, Inmate, Delaware Correctional Center, 1181

Paddock Road, Smyrna, DE 19977.


/s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us