United States District Court
District Of Delaware

Charles M. Robinson

Vs.                                    C.A. No. 04-1202-GMS

Thurman Stanley



BD Scanned

Motion For Appointment Of Counsel

Comes Now, The Plaintiff, Charles M. Robinson, Hereby Proceeding Pro-Se, Respectfully Makes This Honorable Court, Pursuant To 28 U.S.C.A. § 1915, To Consider His Motion For Appointment Of Counsel And Respectfully Asserts The Following As Grounds In Support Thereof:

1. <u>Ability To Present Claim</u>: The Plaintiff has only an Eighth Grade Education, with no Prior Litigation Experience, Factors That Support Appointment Of Counsel. See: Tabron vs. Grace, 6 F.3d 147, 156 (3d Cir. 1993). The Plaintiff Also Has Very Limited Access To Legal Materials, Another Factor Of Appointment Of Counsel. See: Rayes vs. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992). All These Factors Together Weigh In This Case And Supports Appointment Of Counsel. See: Parham vs. Johnson, 126 F.3d 454, 459 (3d Cir. 1997).

In Addition, The Plaintiff Currently Suffers From Serieve Psychiatric Disorders. See: Exhibit A & B. These Psychiatric Disorders, Along With The Above Cited Issues, Clearly Shows The Plaintiff Will Not And Can Not Present His Claims, And Appointment Of Counsel Should Be Appointed.

2. <u>Complexity Of Legal Issues</u>: The Large Number Of Defendants, Some Of Whom Are Supervisory Officials, Presents Complex Legal Issues Of Determining Which Defendants Were Sufficiently Personally Involved In The Constitutional Vyolations, To Be Held Liable. Such Issues Would Support Counsel On Top Of Plaintiffs Mental State. See: Parham vs. Johnson 126 F.3d 454, 459-60 (3d Cir. 1997).

In Addition, The Plaintiff Has Asked For A Jury Trial, Which Requires Much Greater Legal Skill Than The Plaintiff Has Or Can Develop. See: Abdullah vs. Gunter 949 F.2d 1032, 1036 (8th Cir. 1991). (Cytying Jury Demand

as a factor supporting appointment of counsel) cert. denied 112 S.Ct. 1995 (1992).

3. **ABILITY TO INVESTIGATE**: The Plaintiff is locked up in maximum punitive segregation and has no ability to investigate the facts. For example, he is un-able to identify, locate or interview the inmates who were also affected by the sexual abuse treatments programs constitutional violations. Courts should considers a prisoners predicament in attempting to obtain facts (i.e. the confines of prison). See: Tabron Vs. Grace, 6 F.3d 147, 156 (3d Cir. 1993). See Also: Rayes Vs. Johnson, 969 F.2d 700, 704 (8th Cir. 1992). He is in the same situation as an inmate who has been transferred to a different institution. A factum several courts have cited in appointment of counsel. See: Tucker Vs. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gayson Vs. Coughlyn, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong Vs. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984).

In Addition, This Case Will Require Considerable Discovery Concerning The <u>Identy Of Witnesses</u>, The <u>Officers Reports And Statements About The Claim</u>, The <u>History Of The Officers With Prior Records Of Constitutional Violations</u> And Any <u>Institutional Investigations Done Regarding This Incident</u>. See: Tucker Vs. Dickey, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985). (Need For Discovery Supported Appointment Of Counsel). Also, Title 11 Del. C. §4322, Bars The Above Discovery Items From

being presented to the Plaintiff. Items which is the Core of the Plaintiff's case, which must be possessed to support his claims.

4. **Credibility Determinations:** The Plaintiff's account of his claims is squarely in conflict with the statements of the Officer. See: Exhibit C. This aspect of of the case will be a credibility contest between the Defendants and the Plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. See: Gatson Vs. Coughlyn, 679 F. Supp 270, 273 (W.D.N.Y. 1988); Parham Vs. Johnson, 126 F.3d 454, 460 (3d Cir. 1997).

5. **Requirement of Expert Testimony:** It will probably be necessary to present an expert witness or to cross examine an expert witness called by the Defendants, or both. The presence of issues requiring expert testimony supports appointment of counsel. See: Boring Vs. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987); Parham Vs. Johnson, 126 F.3d 454, 460 (3d Cir. 1997).

6. **Plaintiff's Ability to Attain And Afford Counsel:** The Plaintiff is extremely indigent, and can not afford counsel. Also, the Plaintiff has tried to obtain legal counsel from several legal organizations and private lawyers, with no gain.

7. <u>MERITS OF THE CASE</u>: THE PLAINTIFFS ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION OF THE PLAINTIFFS' FIRST AND FOURTEENTH AMENDMENT RIGHTS. THE UNPROVOKED RETALIATION ALLEGED IN THE COMPLAINT CLEARLY STATES A FIRST AND FOURTEENTH VIOLATION.

8. <u>PLAINTIFFS MENTAL STATE</u>: AS PREVIOUSLY STATED, THE PLAINTIFF SUFFERS FROM SEVERE PSYCHIATRIC DISORDERS (EXT. A & B). THE PLAINTIFF PSYCHIATRIC DISORDERS CAUSE THE PLAINTIFF TO SEE OBJECTS WHICH DO NOT EXIST AND HEAR THINGS WHICH ARE NOT THERE. SUCH SEVERE PSYCHIATRIC DISORDERS, ALONG WITH THE ABOVE CLEARLY SUPPORTS APPOINTMENT OF COUNSEL AND WOULD SERVE THE BEST INTEREST OF JUSTICE.

9. IN DECIDING WHETHER TO APPOINT COUNSEL FOR AN INDIGENT LITIGANT, THE COURT SHOULD CONSIDER, "THE ABILITY OF THE PLAINTIFF TO PRESENT HIS CASE, THE COMPLEXITY OF THE LEGAL ISSUES, THE ABILITY OF THE INDIGENT LITIGANT TO INVESTIGATE THE FACTS, THE EXISTENCE OF CONFLICTING TESTIMONY, THE NEED OF EXPERT TESTIMONY, AND THE ABILITY OF THE INDIGENT LITIGANT TO OBTAIN COUNSEL. See: PARHAM VS. JOHNSON, 126 F.3d 454, 459-61; ABDULLAH VS. GUNTER, 949 F.2d 1032, 1035 (CITATION OMITTED) CERT. DENIED, 112 S.Ct. 1995, (1992). IN ADDITION, COURTS HAVE SUGGESTED THAT THE MOST IMPORTANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE

merit. See: Cooper v. A. Sargenti Co. Inc. 877 F.2d 170, 173 (2d Cir. 1989). Each of these factors weighs in favor of appointment of counsel in this case.

Plaintiff argues that his case has merit and the aforementioned factors have been met. So counsel should be appointed and the courts should make attempts to appoint such. See: Mallard vs. United States District Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 1822-23, 104 L.Ed 2d. 318 (1989).

Wherefore, for the reasons described herein, the Plaintiff requests Counsel be appointed in this case.

_January 11th 2007_
DATED

_C.D.O. W. R._
Charles M. Robinson
SBI #00342721
De. Corr. Ctr.
1181 Paddock Road
Smyrna, Delaware. 19977

Note: All motions in this case have been filed by an Inmate Paralegal because of plaintiffs mental state. See: Johnson vs. Avery, 393 U.S. 483

# Certificate of Service

I, __Charles M. Robinson__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion For Appointment Of Counsel__ upon the following parties/person (s):

TO: __Department Of Justice__
__Ophelia M. Waters Esq__
__820 N. French St. 6th Fl.__
__Wilmington, DE. 19801__

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __11th__ day of __January__, 2007

__C.D.O.M.R.__

Charles M. Robinson
#342781
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

$01.11⁰ JAN 12 2007
MAILED FROM ZIP CODE 19977

United States District Court
c/o: Clerks Office
844 N. King St. (Lockbox #18) U.S.M.S.
Wilmington, DE. 19801 X-RAY

LEGAL MAIL