IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1202-GMS |
| | ) |
| C/O THURMAN STANLEY, | ) |
| | ) |
| Defendant. | ) |

**STATE DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

State Defendant, by and through undersigned counsel, hereby opposes Plaintiff's request for the appointment of counsel, and requests this Honorable Court to deny Plaintiff's motion. In furtherance of this answer in opposition, the Defendant represents as follows:

1.  The Plaintiff, Charles M. Robinson, SBI 342781, is a prisoner of the State of Delaware, sentenced to a period of incarceration in the Delaware correctional system. He is currently incarcerated in the Delaware Correctional Center, Smyrna, Delaware. Plaintiff commenced this action on or about August 27, 2004 by forwarding his civil rights complaint and request to proceed *in forma pauperis* to the United States District Court for the District of Delaware. Therein, Plaintiff claimed that defendant Stanley verbally abused and harassed him. (D.I. 2). Plaintiff also alleged that Stanley retaliated against him after he filed grievances about Stanley's alleged conduct. Id.

2.  By Order of the Court dated September 23, 2004, Plaintiff was granted leave to proceed *in forma pauperis* and directed to make service of process. (D.I. 4). Plaintiff then wrote a letter to the Honorable Court requesting that a temporary

restraining order issue against one of the defendants. (D.I. 7). Waivers of Service returned executed as to several defendants. (D.I.I. 9-14, 16). Undersigned counsel entered her appearance on behalf of the state officers, moved for dismissal of complaint, and simultaneously filed a memorandum of points and authorities in support. (D.I.I. 18-19). Plaintiff filed an answer, and state defendants countered with a reply. (D.I.I.21, 22).

       3.       After various filings with the Court were made, (D.I.I. 23-40) this Honorable Court issued an order dismissing plaintiff's complaint for failure to state a claim. (D.I. 41). Plaintiff immediately filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (D.I. 42). On or about November 29, 2006, the Third Circuit Court of Appeals issued a decision affirming in part, and reversing in part. (D.I. 46). The Third Circuit "affirm[ed] the judgment of the District Court insofar as it granted defendants motion to dismiss Robinson's Eighth Amendment claims against them." However, the Third Circuit vacated the order to the extent it dismissed Robinson's retaliation claim against Defendant Stanley. The case is remanded for further proceedings consistent with the Third Circuit Court's opinion. Id.

       4.       On or about December 6, 2006, the District Court issued an Order to answer to defendant Stanley. (D.I.49). In turn, defendant Stanley filed an answer as to all claims with affirmative defenses. (D.I.50). Following the answer, this Honorable Court set a scheduling order for the management of the case. (D.I. 54).

       5.       On or about January 16, 2007, Plaintiff filed a Motion to Appoint Counsel stating that he is incarcerated, that he has limited knowledge of the law and that access to the law library and law materials are limited, and that appointment of counsel would serve the best interests of justice in this case. (D.I. 60).

6. Defendant contends by way of this Opposition to this Motion that the issue in this case is straight-forward, the Plaintiff has demonstrated a firm grasp of the legal precepts involved, and Plaintiff's request for counsel is, at best premature. Indeed, plaintiff is presenting his case sufficiently, and does not reveal any circumstances in the case necessitating the appointment of counsel for him. This case is neither factually nor legally complex. Upon reviewing the pleadings and other papers filed in this action Plaintiff has demonstrated the ability to litigate this action pro se. Moreover, the Plaintiff has not made a showing of any other special circumstances indicating the likelihood of substantial prejudice.

7. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."). It is solely within the court's discretion to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e) (1). In exercising its discretion, the court must initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)). If this threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459. These factors are:

    (1)    The plaintiff's ability to present his or her own case;
    (2)    The complexity of the legal issues;
    (3)    The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
    (4)    The amount a case is likely to turn on credibility determinations;
    (5)    Whether the case will require the testimony of expert witnesses;
    (6)    Whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5). While these factors should guide the court in evaluating the appointment of counsel, this list is not exhaustive and the court retains broad discretion. *Tabron*, 6 F.3d at 157. The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

8.  Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron* analysis.

9.  Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that he is incarcerated and unskilled in the law. (D.I. 60). Plaintiff's extensive pleadings indicate the contrary. Plaintiff has filed a complaint and several motions. Clearly, Plaintiff has demonstrated that he has a sufficient grasp of English, both reading and writing, and that he has been able to utilize such resources as a typewriter, photocopying machine, pen, paper, as well as law library services. In sum, Defendant believes that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

10. Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claim is a retaliation claim in violation of his constitutional rights.

Defendants believe that Plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

11. Concerning the factual investigation necessary to the full presentation of Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that the prison administrators limit his access to the law library. Therefore, he argues, appointing counsel would serve the interests of justice. (D.I. 60). Defendant believes Plaintiff has the ability to pursue a factual investigation sufficiently to make a case against the appointment of counsel. In fact, Defendants have provided plaintiff with at least 631 documents, consisting of incident reports relevant to and surrounding events of the complaint, medical records, and institutional records and reports (D.I. 29).

12. Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the Plaintiff can afford or obtain counsel on his own behalf, Defendant believes credibility will not be a central issue in this case - this factor weighs against the appointment of counsel. Expert testimony does not appear to be required - this also weighs against the appointment of counsel. In light of this Court's grant of *in forma pauperis* status, it seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel. Defendant believes this latter factor is outweighed by the other factors in the *Tabron* analysis, and is unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

13. Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by

filing motions. Finally, Plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

WHEREFORE, based on the foregoing reasons, Defendant respectfully requests this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Ophelia M. Waters_____
Ophelia M. Waters, I.D. No. 3879
Deputy Attorney General
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, Delaware 19801
(302) 577-8400

Date: January 22, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHARLES M. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 04-1202-GMS |
| | ) |
| C/O THURMAN STANLEY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

AND NOW THIS _____ day of _____, 2007, the Plaintiff's Motion for Appointment of Counsel having been presented and the parties' pleadings with respect thereto having been considered, it is hereby

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I electronically filed *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on January 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Charles M. Robinson; SBI # 342781; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us