United States District Court
District Of Delaware

Charles W. Robinson

Vs.                                        Civil Action No. 04-1202-GMS

C/O Thurman Stanley



FILED
FEB -6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Plaintiffs Reply Brief In Support Of
His Motion For Appointment Of Counsel

Comes Now, The Plaintiff, Charles W. Robinson, Hereby Proceeding Pro-Se, Respectfully Moves This Honorable Court To Consider The Plaintiffs Reply Brief In Support Of His Motion For Appointment Of Counsel And Respectfully Asserts The Following As Grounds In Support Thereof:

1. The State Defendants main argument in their motion is that the Plaintiff has demonstrated a firm grasp of the legal precepts involved, and the Plaintiff continues to demonstrate the ability to litigate this action pro-se by filing motions and therefore his motion for appointment of counsel should be denied.

2. Any and all motions filed in this civil action against Defendant Thurman Stanley, were filed by a friend of the Plaintiffs, because of the Plaintiffs severe psychiatric disorders, which have prevented the Plaintiff from being able to litigate this civil action or present an adequate defense. (Exhibit A). The fact that someone else had filed all pleadings in this case was presented in the Plaintiffs motion for appointment of counsel the State Defendants have just chose to ignore it.

3. In addition, the Plaintiffs severe psychiatric disorders are sufficient proof enough to show that the Plaintiff in no way would be able to present any kind of defense pro-se, and the Courts failure to appoint counsel to a pro-se litigant with such severe psychiatric disorders would constitute a miscarriage of justice in this case.

4. Lastly, the Plaintiff recently went back to court on January 19th 2/07, in his criminal case. At this court date, the Plaintiff was released on Level 4 home confinement, but had to be held at Level 5 until space was available. (Exhibit B). When the Plaintiff does go home, he will be confined to his home with "No Access" to any legal materials, court cases, court rules, federal statutes ect. Even if the Plaintiff could defend his own case, which he can not, he would have "No Access" to any legal materials, in order to present any kind of legal defense against the State Defendants Counsel.

Also, the Plaintiff needs to conduct depositions on several inmates and institutional officers, but the State Defendants will claim institutional safety and security in order to not allow the Plaintiff to conduct such. The Plaintiff will also require investigation reports on the State Defendant, but once again the State Defendants will argue such investigation reports are barred pursuant to 11 § 4322. Both of the above are needed in order for the Plaintiff to support his claims.

WHEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT GRANT PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL.

_____
JANUARY 31st 2007
DATED

_____
CHARLES M. ROBINSON
SBI # 00242781
DE. CORR. CTR.
1181 PADDOCK ROAD
SMYRNA, DELAWARE. 19977

## CERTIFICATE OF SERVICE

I, CHARLES M. ROBINSON, HEREBY STATE I HAVE SERVED A TRUE AND CORRECT COPY OF THE ENCLOSED PLAINTIFF'S RESPONSE BRIEF IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF COUNSEL, TO THE FOLLOWING PARTIES:

DEPARTMENT OF JUSTICE
OPHELIA M. WAYERS ESQ
820 N. FRENCH ST. 8TH FL.
WILMINGTON, DE. 19801


SIGNED THIS 31st DAY OF JANUARY 2007

C. D. R. M. R.

I/M Charles W. Rubinson
SBI# 00342781 UNIT MHU 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



$ 00.87⁰
FEB 05 2007
MAILED FROM ZIPCODE 19977

United States District Court
Office Of The Clerk
844 N. King St. (Lockbox 18)
Wilmington, DE. 19801

Legal Mail